# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                               Criminal No. 99-20(4) (DWF/AJB)
                                                        Criminal No. 99-149(2) (DWF/AJB)
                    Plaintiff,

v.                                                      **ORDER AND MEMORANDUM**

Richard T. King,

                    Defendant.

---

Jeffrey S. Paulsen, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Richard T. King, *Pro Se*, Defendant.

Dennis B. Johnson, Esq., Chestnut & Cambronne, counsel for Defendant.

---

The above-entitled matter is before the Court on Defendant Richard T. King's ("Defendant") *pro se* motion to terminate his supervised release that started on January 10, 2007, and is currently scheduled to end on January 9, 2010.

The Court ruled on a similar motion from Defendant on April 22, 2008. In the Court's April 22, 2008 Order, as the Defendant accurately points out, the Court denied without prejudice his motion for early termination of supervised release. The Court has consulted the United States Probation Department who has in turn contacted the probation officer in Tennessee. The United States opposes the Defendant's motion for early

termination of supervised release, in substantial part, because of the large amount of restitution due and owing jointing and severally by the Defendant.

Based upon the presentations of the parties, the Court having reviewed the most recent pleading in this matter and consulted with the United States Probation Department both in Minnesota and in Tennessee, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.      Defendant Richard T. King's motion to immediately terminate his supervised release (Criminal No. 99-20(4) (DWF/AJB), Doc. No. 507; Criminal No. 99-149(2) (DWF/AJB), Doc. No. 167) is respectfully **GRANTED IN PART AND DENIED IN PART** as follows:

   a.      The Court respectfully denies the Defendant's motion to immediately terminate in all respects his supervised release.

   b.      However, the Court respectfully directs the United States Probation Department to reasonably accommodate the Defendant's travel requests provided that he is otherwise in compliance with all terms of his supervised release.  This provision contemplates that the United States Probation Officer in Tennessee will make reasonable exceptions to the policy requiring two weeks notice prior to non-emergency travel.

2

2.      In all other respects, Defendant's supervised release will continue until its

scheduled expiration date of January 9, 2010, unless otherwise ordered by the Court.


Dated:  January 20, 2009                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            Judge of United States District Court

### MEMORANDUM

First, the Court incorporates into this Memorandum its remarks from its April 22,

2008 Order.  Second, the United States Probation Officer in Tennessee has assured the

Court that it will make reasonable accommodations to travel requests from the Defendant

provided that he is otherwise in compliance with all conditions of his supervised release,

is making the request in good faith, and that his requests are reasonable, which they

appear to be, based upon the submissions to the Court thus far.

Provided that reasonable accommodations are made to the travel requests of the

Defendant, the hardship asserted by the Defendant is not the kind of hardship that

requires or otherwise justifies this Court to terminate in all respects the Defendant's

supervised release, given the substantial amount of restitution due and owing in this case.

Admittedly, the Defendant has suggested that there are indeed adverse

consequences to his personal and professional life if supervised release is not terminated.

However, the focus seems to be with last-minute travel for activities of his two middle

school children who are active in church youth groups and sports activities, as well as the

3

fact that he lives in close proximity to the states of Georgia and Alabama.  Additionally, the Defendant has noted the precarious medical condition of his father-in-law, and travel obligations related to his employment.  The United States Probation Department has assured the Court that it will make reasonable accommodations in these circumstances as long as they are requested in good faith, with verification by the Defendant.  Such short notice and last-minute approvals for travel plans are not unique to this case.  The Court assumes that the accommodations will be able to be made without compromising the public interest or the interests of justice, provided that the Defendant is not only compliant with all conditions of his supervised release, as noted above, but is in all respects cooperating and communicating with his probation officer.

For these reasons, the Court respectfully declines to terminate the supervised release of the Defendant.

D.W.F.